UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 DEC 29 PM 1: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 29 1999

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., | } } } |
| Plaintiff, | } } |
| v. | } CASE NO. CV 99-B-1630-S |
| CAC LEASING, INC., DERRELL CHAMBLEE, JEFFERSON SCREENING, INC., and BLACK CREEK LAND & MINERAL, INC., | } } } } } |
| Defendants. | } } |

## MEMORANDUM OPINION

This case is before the court on the unopposed Motion for Summary Judgment by Plaintiff, the CIT Group/Equipment Financing, Inc. filed October 12, 1999. On October 21, 1999, the court entered an Order directing defendants to submit any opposition to plaintiff's Motion on or before November 10, 1999. Having received no opposition from defendants, this matter is now ripe for decision. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion is due to be granted.

Plaintiff alleges that on or about November 19, 1998, defendant CAC Leasing, Inc. entered into an Amended and Consolidated Security Agreement (the "Security Agreement") with plaintiff, thereby granting plaintiff a security interest in the equipment more particularly described in Schedule A of the Security Agreement. (Comp. at ¶ 2.) On or about April 25, 1996, defendants Derrell Chamblee, Jefferson Screening, Inc., and Black Creek Land & Mineral, Inc. each executed a Guaranty, guarantying all current and future debts of defendant CAC Leasing, Inc. (Comp. at ¶'s 6, 9, 12.)

13

Plaintiff further alleges that the defendants have defaulted under the terms of the Security Agreement and respective Guaranties. As a result of defendants' default, plaintiff accelerated the amount due under the Security Agreement, resulting in defendants owing plaintiff a total of $1,505,716.14, plus interest, costs, and attorneys' fees. Plaintiff claims that the value of the equipment financed under the Security Agreement is insufficient to satisfy the indebtedness owed to plaintiff from defendants CAC Leasing, Inc., Derrell Chamblee, Jefferson Screening, Inc., and Black Creek Land & Mineral, Inc. (Mot. for Summ. J. by Plaintiff, the CIT Group/Equipment Financing, Inc. ("Pl.'s Mot.") at 1; Aff. of Dennis Patchak at ¶ 7, attached as Exhibit 1 to Pl.'s Mot.) As a result, even if plaintiff is able to resell the equipment, plaintiff will be entitled to a deficiency judgment. *Id.*

The agreements which are the subject of this action entitle plaintiff to recover reasonable attorneys' fees from CAC Leasing, Inc., Derrell Chamblee, Jefferson Screening, Inc., and Black Creek Land & Mineral, Inc. incurred by reason of their default. (Pl.'s Mot. at page 2; Aff. of Dennis Patchak at ¶ 8.) Further, because the value of the equipment is far less than the indebtedness owed, plaintiff anticipates that it will incur more attorneys' fees after the entry of the judgment. (Pl.'s Motion at page 2.)

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of their case on which they bear the ultimate burden of proof. *Celotex,* 477 U.S. at 322-

23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to judgment as a matter of law. Defendants have not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, defendants have not only failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and more importantly, the facts and law applicable to this case warrant granting summary judgment for plaintiff. Consequently, the court holds that the Motion for Summary Judgment by Plaintiff, The CIT Group/Equipment Financing, Inc. is due to be granted.

An Order granting summary judgment will be entered contemporaneously with this Opinion.

**DONE** this 29th day of December, 1999.

SHARON LOVELACE BLACKBURN
United States District Judge